UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Saleem Davis, | ) C/A No.  6:18-1349-AMQ-KFM |
| | ) |
| Petitioner, | ) |
| | ) **<u>Report of Magistrate Judge</u>** |
| v. | ) |
| | ) |
| Warden of Evans Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| | ) |

On May 17, 2018, Saleem Davis (the petitioner), proceeding *pro se*, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence imposed in the Superior Court of the District of Columbia ("D.C. Superior Court").  The petitioner is in federal custody and is currently housed at F.C.I. Bennettsville, in Bennettsville, South Carolina.[1]

By Order dated May 23, 2018, the petitioner was given a specific time frame in which to bring this case into proper form (doc. 6).  The petitioner was directed to complete a Form AO 240 or application to proceed *in forma pauperis,* as the petitioner had submitted an incomplete motion for *informa pauperis,* and to complete a § 2241 petition. On June 15, 2015, the petitioner complied with the court's order (docs. 1-7 and 10)[2] and the petition is ready for review.  This court is authorized to review such petitions pursuant

---

[1]  Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, the Bureau of Prisons is responsible for housing persons convicted of a felony under District of Columbia laws.

[2]  The petitioner chose to pay the filing fee instead of filing an application to proceed *in forma pauperis,* and he submitted the requested  § 2241 petition.  Further review reveals the § 2241 petition was unnecessary.  As such this matter will be considered under § 2254 as originally filed.

to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C. and submit findings and recommendations to the district judge.

### Background

**Conviction and Sentence**[3]

The petitioner was convicted on April 26, 2002 following a jury trial on nine different counts including:(1) possession of a firearm during a crime of violence; (2) carrying a pistol without a license; (3) conspiracy to commit robbery; (4) armed robbery; (5) carrying a dangerous weapon; (6) second degree burglary; (7) armed robbery; (8) receiving stolen property; and (9) receiving stolen property (doc. 1 at 1).  He was sentenced to a term of imprisonment of 34 years with 9 years suspended (*Id.*).  The petitioner alleges that  the District of Columbia Court of Appeals ("D.C. Court of Appeals") affirmed his conviction on December 7, 2004 (*Id.* at 2).

On March 12, 2013, the petitioner filed a motion to vacate, set aside or correct sentence in the D.C. Superior Court pursuant to D.C. Code § 23-110 and supplemented it on February 4, 2014 (*Id.* at 3 and 13).  The D.C. Superior Court dismissed the petition on September 22, 2014 (*Id.* at 7).  On March 31, 2015, the petitioner appealed the dismissal of his motion to vacate under § 23-110 and, on June 14, 2016, the D.C. Court of Appeals dismissed his appeal (*Id.* at 8).  On September 13, 2016, the petitioner asserts he filed a petition for a writ of certiorari which was denied on February 21, 2017 (*Id.* at 13). The court observes that the petitioner also claims to have filed a Motion to "Recall Mandate" in the D.C. Court of Court of Appeals which was denied as untimely on February

---

[3]  The history of the petitioner's conviction is taken from the petitioner's § 2254 petition.

3, 2016 (*Id.* at 4).

On February 20, 2018, the petitioner filed for a writ of habeas corpus in the D.C. Superior Court.  On April 23, 2018, the D.C. Superior Court dismissed the petition, without prejudice, stating that the petition had been filed in the wrong jurisdiction since the petitioner was incarcerated at F.C.I. Bennettsville.  Thereafter, on May 17, 2018, the petitioner filed the petition in this court.[4]

**Claims of Current Petition**

The petitioner filed the instant petition raising claims of ineffective assistance of counsel.  The petitioner contends his trial counsel failed to advise him as to the maximum penalty and other consequences he faced and failed to secure an alibi defense witness (doc. 1 at 5 and 7).  He asks the court to grant an evidentiary hearing on these issues or grant him a new trial.

**Standard of Review**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c)(D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012).

As a *pro se* litigant, the petitioner's pleadings are accorded liberal

---

[4] The petitioner explained in a cover letter that he received the D.C. Superior Court's order on April 27, 2018 while  F.C.I. Bennettville was on a 12-day lock-down (doc. 1-5 at 1).

construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **Analysis**

For purposes of federal habeas law, convictions in the D.C. Superior Court for offenses under the D.C. Criminal Code are considered 'state convictions'. *Garris v. Lindsay*, 794 F.2d 722 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (citing, *inter alia*, *Swain v. Pressley*, 430 U.S. 372 (1977)); *Inyangette v. Drew*, No. 5:11-3401-JFA-KFM, 2012 WL 4379041, at *5 (D.S.C. Feb. 16, 2012). Congress enacted D.C. Code § 23–110 "to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court." *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009). Under District of Columbia law, a prisoner such as the petitioner in this action, who is convicted and sentenced in the D.C. Superior Court may file a motion to challenge his conviction and sentence collaterally by filing a motion in the D.C. Superior Court pursuant to § 23-110(a) on grounds that:

> (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C.Code § 23–110(a).

Unlike a prisoner convicted in a state court or in a United States district court, "a District of Columbia prisoner has no recourse to a federal judicial forum unless [he shows that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d at 726 (citations and internal quotation marks omitted).  Section 23–110(g) clearly prohibits a prisoner convicted in the D.C. Superior Court from pursuing federal habeas relief if such prisoner has "failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* D.C.Code § 23–110(g).  As such, federal courts generally lack jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the D.C. Superior Court. *See Swain v. Pressley*, 430 U.S. at 377–78 (finding that § 23–110 divests federal courts of jurisdiction over such claims absent a showing that § 23–110 is inadequate or ineffective to test the legality of the detention).

In the instant petition, the petitioner seeks to have his D.C. Superior conviction set aside.  The petitioner claims that trial counsel was constitutionally deficient because she failed to advise the petitioner during the plea negotiation stages and as to the maximum penalty and other consequences that the petitioner faced and failed to secure an alibi witness (doc. 1-1 at 6-14).  A claim predicated on trial counsel's ineffectiveness falls within the scope of section 23–110(a). *Moore v. United States, 253 F. Supp.3d 131, 133 (D.D.C. 2017; Whoie v. Warden, Butner Fed. Medical Ctr.*, 891 F. Supp.2d 2, 3 (D.D.C. 2012); *see Reyes v. Rios*, 432 F. Supp.2d 1, 3 (D.D.C. 2006) ("Section 23–110 provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel."); *Garmon v. United States*, 684 A.2d 327, 329 n. 3

(D.C. 1996) ("A motion to vacate sentence under [§] 23–110 is the standard means of raising a claim of ineffective assistance of trial counsel.").

In the underlying matter, the petitioner by his own account has filed at least one motion under § 23-110 with the D. C. Superior which was denied.  Therefore, the petitioner has had the benefit of collateral review by the court with the constitutional authority to grant the relief sought by the petitioner.  The petitioner's dissatisfaction or disagreement with the results of such review does not make the remedial process ineffective or inadequate.  Likewise, the fact that the petitioner may be procedurally barred from filing a successive motion under D.C. Code § 23-110 does not render this remedy ineffective or inadequate.  *Chase v. Rathman*, 765 F. Supp. 2d 1, 2 (D.D.C. 2011).  Here, the petitioner has failed to demonstrate that the remedy available to him under § 23-110 is ineffective or inadequate.  Thus, pursuant to the prohibition in § 23-110(g), this Court is precluded on jurisdictional grounds from entertaining this petition for habeas relief.

### Recommendation

Accordingly, it is recommended that the instant § 2254 petition be dismissed without prejudice and without the respondent having to file an answer or return.

IT IS SO RECOMMENDED.

| | |
|---|---|
| June 29, 2018 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

**The Petitioner's Attention is Direction to the Important Notice on the Following Page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).